**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| USOALII NIKOTEMO MILLER, | No. 13-17116 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-02282-EMC |
| v. | |
| CARRINGTON MORTGAGE SERVICES, INC; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted December 14, 2016**

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Usoalii Nikotemo Miller appeals pro se from the district court's judgment

dismissing Miller's action alleging federal and state law claims related to the

foreclosure of real property.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Miller's action because Miller failed to allege facts sufficient to state plausible claims for wrongful foreclosure or quiet title. *See id.* at 341-42 (although pro se pleadings are liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *see also Miles v. Deutsche Bank Nat'l Trust Co.*, 186 Cal. Rptr. 3d. 625, 636 (Ct. App. 2015) (setting forth the elements of a wrongful foreclosure claim); *Lueras v. BAC Home Loans Servicing, LP*, 163 Cal. Rptr. 3d. 804, 835 (Ct. App. 2013) (stating that a borrower cannot quiet title without first discharging the outstanding debt secured by a deed of trust).

The district court did not abuse its discretion by denying Miller leave to file a fifth amended complaint because amendment would have been futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that a district court may deny leave to amend where amendment would be futile); *see also Chodos v. West Publ'g Co., Inc.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a

2

plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad" (citation and internal quotation marks omitted)).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . .").

We reject as without merit Miller's contentions that the district court demonstrated bias and violated due process.

Miller's "motion to reject notice of appearance of counsel or re-assignment of counsel within the same office and to require strict compliance with FRAP Rule 26.1 regarding corporate disclosure statement," filed on April 14, 2014, is denied.

**AFFIRMED.**